# In the United States Court of Federal Claims

No. 21-1048C
(Filed: April 22, 2021)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BOBBY WAYNE TERRY,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pro se plaintiff, Retired Master Sergeant Bobby Wayne Terry, filed a complaint on March 5, 2021.[1]  In it, plaintiff states that he had a cholecystectomy (gallbladder removal surgery) performed at Womack Army Medical Center, Ft. Bragg, NC, in June 2012, which resulted in immediate abdominal pain that he has suffered ever since. Compl. at 2. Plaintiff alleges that he has since endured "numerous medical procedures over a 5 year time span" and that he was caused "[unnecessary] pain and suffering that vastly affected his quality of life" as a result of "[t]he failure of Dr. Alcover-Ballard to correctly identify the incision locations." *Id*.  Plaintiff requests that this Court "recognize that the surgery . . . was not accomplished with the appropriate standard of care" and that he be compensated for years of pain and suffering. *Id.* at 3.

Because it is clear on the face of the complaint that any claims

---

[1] Plaintiff submitted a partial and incomplete payment of the filing fee with his complaint. The clerk's office has returned this payment with instruction to submit the entire fee.  Thus, as of the time of this order, the filing fee remains due.

alleged in it are barred by the statute of limitations and that those claims would otherwise be outside of our jurisdiction, the complaint must be dismissed, *sua spante*.  RCFC 12(h)(3).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff's pro se status "does not relieve the burden to meet jurisdictional requirements." *Olajide v. United States*, 124 Fed. Cl. 196, 201 (2015).  A plaintiff, even when proceeding pro se, must demonstrate that the court has jurisdiction over his claims.  *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

Claims in the United States Court of Federal Claims must be brought within six years of their accrual.  28 U.S.C. § 2501 (2018). The limitations period in this court is jurisdictional.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008) (holding that the six-year statute of limitations established under the Tucker Act "is an explicit condition of the government's waiver of sovereign immunity and, as a matter of law, jurisdictional").  The botched surgical procedure complained of happened in 2012, according to the complaint.  Thus, any claim arising therefrom, must have been brought in 2018 at the latest.  The complaint must therefore be dismissed as time barred.

Further, even if the complaint were timely, it is outside of our jurisdiction.  The subject-matter jurisdiction of this court is generally outlined by the Tucker Act, which provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1).  The events alleged are without doubt in the nature of a personal injury claim for negligence, i.e., failure to meet a standard of care, which is to say the complaint sounds in tort. The Tucker Act plainly excludes tort claims from this Court's jurisdiction.  *Fields v. United States*, 141 Fed. Cl. 628, 631 (2019).

The complaint is barred by the statute of limitations and otherwise fails to allege a claim over which we have jurisdiction. We must therefore dismiss the complaint.   *See* RCFC 12(h)(3). Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge